UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONITA BAXTER,

    Plaintiff,

v.                                  CASE No. 8:08-CV-2199-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security fails to evaluate a medical opinion regarding manipulative limitations, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-five years old at the time of the hearing and who has an eighth grade education, has worked as a tele-

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

marketer, maid, processor, and cook (Tr. 107, 110, 375). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to diverticulitis, nodular granuloma in her right lung, chronic bronchitis, kidney stone and cyst in her right kidney, anxiety, and depression (Tr. 101). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disc disease, cervical and lumbar spine; history of lung granuloma; impaired glucose tolerance; history of diverticulitis; depression; and history of drug abuse and alcoholism in reported remission" (Tr. 19). The law judge concluded that, in light of these impairments, the plaintiff had "the residual functional capacity to perform light work ... except occasionally balance, stoop, kneel, crouch and crawl secondary to low back pain; no hazards or climbing; requires the option to alternate sitting and standing at will; needs an unskilled, entry level, low stress job, performing routine repetitive tasks and dealing with things rather than people secondary to complaints of depression" (Tr. 21). The law judge determined that these limitations prevented the plaintiff from performing past

work (Tr. 24). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as ticket checker and final assembler (Tr. 25). Accordingly, he decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two related grounds. The plaintiff has shown that reversal is warranted.

The plaintiff argues that the law judge failed to find that the plaintiff had fingering, handling, and feeling limitations resulting from carpal tunnel syndrome (Doc. 20, pp. 6-9). She contends that, as a consequence, the hypothetical question to the vocational expert was flawed.

After the administrative hearing, the law judge sent the plaintiff in January 2008 for a consultative examination because "her hand condition is probably one of the most critical elements of her case" (Tr. 389). The examination was conducted by examiner Dr. Raul Nodal, a neurologist (Tr. 185).

The law judge found that the plaintiff's carpal tunnel syndrome ("CTS") was a non-severe impairment, stating (Tr. 19):

> During a consultative physical examination of January 26, 2005, the claimant stated that her past medical history was significant for bilateral CTS. On physical examination, the doctor noted muscle strength +5/5 and the claimant did not have any problems with grip strength and fine manipulation. In addition, claimant was not dropping objects and was able to open doors, button shirts, etc (page F-82). A second consultative physical examination of January 30, 2008, revealed 5/5 muscle strength with normal muscle tone and bulk diffusely. The claimant had no difficulty with fine manipulation and was capable of buttoning/unbuttoning, turning door knobs, zip/unzipping, pinching, opposition of the thumbs, holding a fork, broom, pencil, and knife with both hands. The neurologist reported that there was absolutely no clinical evidence of carpal tunnel syndrome (page F-173).

The law judge asserts, correctly, that Dr. Nodal opined in his medical report that there was "[n]o clinical evidence of carpal tunnel syndrome" (see Tr. 187)(although he overstates the finding since Dr. Nodal did not use the word "absolutely"). However, Dr. Nodal filled out a medical source statement form in which he opined that the plaintiff was limited to only occasional handling, fingering, feeling, and pushing or pulling (Tr. 193). He identified "Bilateral Carpal Tunnel Syndrome" as the "particular medical or clinical findings" which support his limitations of occasional handling,

fingering, and feeling (id.). The law judge did not mention in his opinion those limitations or Dr. Nodal's opinion regarding them.

Importantly, the vocational expert testified that, if the plaintiff were limited to an inability to use her hands for repetitive fine manipulation, the plaintiff could not perform the two jobs the expert had identified as being within the plaintiff's capabilities (Tr. 388-89). Thus, it was necessary for the law judge to address the manipulative functional limitations set out by Dr. Nodal.

It is well established that the law judge must specifically "state the weight accorded each item of impairment evidence and the reasons for his decision on such evidence." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Moreover, this principle has recently been applied by the Eleventh Circuit to mandate reversal in a case similar to this one where a law judge failed adequately to evaluate opinions of consulting examiners. Luckey v. Astrue, 331 Fed. Appx. 634, 640 (11th Cir. 2009)(unpub. dec.). Accordingly, the law judge was required to explain his reasons for disregarding the manipulative limitations set out by Dr. Nodal. He erred by failing to do that. And the error is not harmless in light of the vocational expert's testimony that, if the plaintiff had an inability to use her hands repetitively for fine

manipulation, that would rule out the two jobs identified by the expert as the jobs the plaintiff could perform.

The plaintiff also contends that the law judge substituted his opinion for that of Dr. Nodal (Doc. 20, pp. 9-10). In view of the conclusion that reversal is warranted, it is unnecessary to address this related argument.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 11th day of December, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE